

**Matthew M. Oliver**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: 973-597-2318
**F**: 973-597-2400
**E**: moliver@lowenstein.com

April 26, 2019

**VIA ECF**

Hon. John Michael Vazquez, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *In Re Application of Comodo Holdings Limited*, 2:18-CV-13755-JMV

Dear Judge Vazquez:

This law firm represents Comodo Holdings Limited ("Comodo") in the above-referenced matter. We write in response to the letter to the Court from Christopher D. Kercher, Esq., counsel for Proposed Intervenor Joseph Katz, dated April 19, 2019.

Counsel's letter attaches a recent opinion from the Eastern Caribbean Supreme Court which denied Comodo's motion to amend its claim in the BVI Action. Based on that decision, Proposed Intervenor argues that his motion to intervene should be granted so that he can move to quash the subpoena approved by this Court and issued to non-party David Untracht, the accountant for Eric Emanuel, on or about October 15, 2018 (the "Subpoena"). Specifically, Proposed Intervenor asserts that the BVI opinion (i) "expressly notes [the BVI Court's] disapproval of Comodo's efforts to obtain discovery in the United States through Section 1782 applications," and (ii) "intimated that [the BVI Court] would not be receptive to additional discovery at this late stage of the proceeding." Letter, at 1-2. Proposed Intervenor's arguments fundamentally misstate and misconstrue the BVI Court's decision, and provide no support at all for permitting intervention or quashing the Subpoena.

*First*, the BVI Court did not "expressly note its disapproval of Comodo's efforts" to obtain discovery under Section 1782. Nowhere in the decision can such a statement be found and there is no language from which it can fairly be inferred. In fact, Proposed Intervenor concedes as much when he admits that "the substance of the Amendment Application does not directly relate to the 1782 Application . . . ." Letter, at 2. The language from the BVI decision that Proposed Intervenor cites as supporting his argument states only that "it would be prejudicial at this late stage to be embarking on a further round of evidence." That statement related solely to "evidence" concerning the claims Comodo sought to add to the BVI Action by way of amendment. It did not concern Comodo's Section 1782 application, which seeks evidence

Hon. John Michael Vazquez, U.S.D.J.     April 26, 2019
Page 2

relevant to its preexisting claims.[1]  Those preexisting claims were not at issue on the amendment application.  Proposed Intervenor's argument that the BVI Court "expressly disapproved" Comodo's use of 28 U.S.C. § 1782 is a fabrication.

***Second***, the BVI Court did not indicate any lack of receptivity to evidence obtained through the Section 1782 process.[2]  Again, the decision itself contains no such statement.  While the BVI Court expressed concern about the potential impact on the trial date if the amendment application was granted, that concern was in no way related to Comodo's Section 1782 application or evidence that may be derived from it.  Receiving additional evidence on new claims – the BVI Court's concern – is entirely different from receiving additional evidence on existing claims.  As Comodo has previously demonstrated, the BVI Court can be expected to admit evidence if it is relevant and important in accordance with its general approach to the admission of evidence.

***Finally***, the BVI trial is currently scheduled to commence on June 25, 2019.  With appreciation for the Court's busy docket, we respectfully request that the Court adjudicate Proposed Intervenor's motion and objections to the Subpoena as expeditiously as possible.  Comodo issued the Subpoena to Mr. Untracht on October 15, 2018.  Mr. Untracht had no objections to the Subpoena and was prepared to permit inspection of critical documents immediately.  Proposed Intervenor's counsel likewise consented to the production, subject to a privilege review.  However, after reviewing the box of documents in Mr. Untracht's possession, Proposed Intervenor abruptly changed position, refused to allow the inspection to go forward, and belatedly moved to intervene in this action for purposes of quashing or limiting the Subpoena.

---

[1] Of course, Comodo's Section 1782 application was necessitated in the first place by Proposed Intervenor's failure to conduct a thorough and proper search for and collection of documents.  The documents at issue are within Proposed Intervenor's possession, custody, or control as Mr. Untracht was the accountant for Eric Emanuel prior to his death.  *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 154 (S.D.N.Y. 1997) (documents in accountant's possession are under control of party); *Nippon Steel & Sumitomo Metal Corp. v. POSCO*, No. 12–2429, 2014 WL 3447111, *7 (D.N.J. July 10, 2014).

[2] The receptiveness factor under *Intel* is one of four discretionary factors that the Court may, but is not required to, take into account.  Receptiveness "is based not on the admissibility of particular kinds of evidence, but rather on a foreign nation's *general* receptivity to U.S. judicial assistance."  *In re Application for Discovery for Use in Foreign Proceeding Pursuant to 28 U.S.C. 1782*, 2019 WL 168828, at *10 (D.N.J. Jan. 10, 2019) (citation omitted); *see also In re O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016) ("We have never required district courts to determine whether *particular* evidence would be admissible in a foreign court.  Instead, *Intel* suggests the inquiry is more generally the receptivity to 'U.S. federal-court judicial assistance.'") (emphasis in original).  Moreover, it is well-recognized that as part of the receptivity analysis, "a district court is not to predict the admissibility of discovered evidence in foreign tribunals," *John Deere Ltd. V. Sperry Corp.*, 754 F.2d 132,138 (3d Cir. 1985), nor are district courts to "try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting, and perhaps, biased interpretations of foreign law."  *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995).  Rather, "[a] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782."  *Id.*  at 1100; *In re Application of Imanagement Servs. Ltd.*, No. 05-2311 (JAG), 2006 WL 547949, at *4 (D.N.J. Mar. 3, 2006) ("[C]ourts have determined that there was a lack of receptivity only by affirmative evidence, such as evidence showing that the foreign jurisdiction rejected outright federal judicial assistance from the United States.").

Hon. John Michael Vazquez, U.S.D.J.  April 26, 2019
Page 3

Comodo is concerned that if this matter is not resolved expeditiously, Proposed Intervenor will succeed in preventing Comodo from obtaining vital discovery simply by running out the clock.

We thank the Court in advance for its continued consideration of this matter.

Respectfully submitted,

*/s/ Matthew M. Oliver*

Matthew M. Oliver

cc:  All Counsel of Record